# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

| | |
|---|---|
| IN RE DOUGLAS PHILLIP HEFEL and SHEILA KAY HEFEL,<br><br>Debtors. | No. 11-CV-1010-LRR<br><br>**ORDER** |
| DOUGLAS PHILLIP HEFEL and SHEILA KAY HEFEL<br><br>Debtors/Appellants,<br><br>vs.<br><br>SHERYL SCHNITTJER, Chapter 7 Trustee, and DUTRAC COMMUNITY CREDIT UNION<br><br>Appellees. | |

_____

## *I. INTRODUCTION*

This is an appeal from the United States Bankruptcy Court for the Northern District of Iowa ("Bankruptcy Court"). *See In re Douglas Phillip Hefel and Sheila Kay Hefel*, Bankr. No. 10-02787. The Bankruptcy Court issued an Order sustaining the objections of Trustee Sheryl Schnittjer and Creditor DuTrac Community Credit Union to certain exemptions claimed by Debtors Douglas Phillip Hefel and Sheila Kay Hefel. Debtors appeal.

## *II. STANDARD OF REVIEW*

A district court has jurisdiction to hear appeals from final judgments, orders and decrees of bankruptcy judges. 28 U.S.C § 158(a). On appeal from a bankruptcy court,

the district court acts as an appellate court and reviews the bankruptcy court's factual findings for clear error and its conclusions of law de novo. *In re Falcon Prods., Inc.*, 497 F.3d 838, 841 (8th Cir. 2007).

### III. FACTUAL AND PROCEDURAL BACKGROUND

#### A. Bankruptcy Court Proceedings

On October 8, 2010, Debtors filed for relief under Chapter 7 of the United States Bankruptcy Code ("Code"). Among their assets, Debtors listed their ownership interests in certain businesses, valuing each interest at $10 due to non-marketability provisions in the bylaws, operating agreements or corporate records of the various companies. On their Schedule C, Debtors claimed their ownership interests exempt under Iowa's "wildcard" exemption. *See* Iowa Code § 627.6(14) (allowing debtors to exempt their interest in certain assets up to $1,000). Initially, Debtors listed the value of the claimed exemptions as $10 for each unit of ownership. Subsequently, Debtors filed an Amended Schedule C listing the value of their exempt interests as "FMV," which the parties understand to represent "fair market value." Amended—Summary of Schedules ("Amended Schedules") (Bankr. docket no. 16) at 10-11, 13.[1]

On November 30, 2010, the Trustee objected to Debtors' claim of exemptions as "FMV," asserting that because "FMV" was not defined, it was impossible to tell whether the exemption claims exceeded the wildcard exemption's monetary limit. On December 14, 2010, Debtors objected to the Trustee's objection relating to the claimed exemptions. Debtors argued that "after hearing evidence on the market value of the securities, operating agreements and status thereof," the court would find the exemptions proper and overrule the Trustee's objection. Objection to Trustee's Objection to Claim of Exemption

---

[1] The court takes judicial notice of the Bankruptcy Proceedings. *See Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (recognizing that courts "may take judicial notice of judicial opinions and public records").

2

(Bankr. docket no. 23) at 1. On December 16, 2010, Creditor similarly objected to Debtors' claim of exemptions as FMV. On December 21, 2010, Debtors objected to Creditor's objection.

On February 15, 2011, United States Bankruptcy Judge Paul Kilburg held a hearing on the objections. At the hearing, the Bankruptcy Court and Debtors discussed the relationship between FMV and the $10 value originally claimed. Debtors asserted that "$10 is an accurate value for the asset, and that it's the trustee's burden to disprove that $10 is the value of the asset." Hearing Transcript ("Tr.") (Bankr. docket no. 62) at 6. The court expressed concern that the modification from $10 to FMV implied that there is "another value we're not dealing with," and noted that the Trustee never said the value was not $10. *Id.* During the proceedings, the Trustee explained that should the assets turn out to be extremely valuable, she wanted to ensure that Debtors retained their interest in each of the entities up to the amount provided by the wildcard exemption, and that the estate received the rest. *Id.* at 7-8.

After further discussion with Debtors regarding the real value claimed and burden of proof issues, the court attempted to clarify the basis for Debtors' argument:[2]

> THE COURT: Do [Debtors] have some anticipation that if one of these things turns up as a jackpot that they're going to keep the residue of it, and that it's all exempt? Is that where we're headed here? Is that what you're saying?
>
> [Debtors' Counsel]: Yes, Your Honor.
>
> THE COURT: Well, that's very interesting . . . .

*Id.* at 12. Later in the hearing, Debtors conceded that "[a]ny money found to be in excess of what the debtors are entitled to as an exemption is certainly the trustee's," and stated

---

[2] At the hearing, Debtors stated that their argument is based on their reading of *Schwab v. Reilly*, 130 S.Ct. 2652 (2010).

3

that "if the trustee is willing to give us the full wildcard, we'll accept it." *Id.* at 13, 16. To ensure that all parties were in agreement, the Bankruptcy Court summarized their discussion, reiterating that Debtors would be entitled to exempt the $945.84 remaining under their wildcard exemption and that any excess would be non-exempt property of the estate. Upon asking each party if that was "[a]ll right," and receiving no response to the contrary, the Bankruptcy Court concluded the hearing. *Id.* at 18.

## B. Bankruptcy Court Ruling

On February 16, 2011, the Bankruptcy Court issued an "Order Re Objections to Exemptions" ("Order") (docket no. 1-7). The Bankruptcy Court granted the Trustee and Creditor's objections and limited the property listed on Debtors' Amended Schedule C with a value of "FMV" to a total aggregate value of $945.84, the amount remaining under the statutory maximum. Order at 1. The Bankruptcy Court held that "[a]ny additional value in the property beyond [the statutory] amount is non-exempt property of the estate." *Id.* at 2.

## C. The Appeal

On February 28, 2011, Debtors filed a Notice of Appeal (docket no. 1-2). Pursuant to 28 U.S.C. § 158(c)(1)(B), the Trustee and Creditor elected to have the appeal heard by this court.

On May 13, 2011, Debtors filed a Brief ("Debtor's Br.") (docket no. 9). On May 23, 2011, the Trustee filed a Brief ("Trustee's Br.") (docket no. 10). On May 26, 2011, Creditor filed a "Notice of Adoption and Joinder with Trustee Appellee's Brief" ("Joinder") (docket no. 11). On June 9, 2011, Debtors filed a Reply Brief ("Reply Br.") (docket no. 12). The matter is fully submitted and ready for decision.

## IV. LEGAL BACKGROUND

"When a debtor files a bankruptcy petition, all of his property becomes property of the bankruptcy estate." *Taylor v. Freeland & Kronz*, 503 U.S. 638, 642 (1992) (citing 11

4

U.S.C. § 541). However, the Code "allows a debtor to prevent the distribution of certain property by claiming it as exempt." *Id*. A bankruptcy debtor may choose between the federal exemptions provided in 11 U.S.C. § 522(d) and the exemptions provided under state law. *In re Huebner*, 986 F.2d 1222, 1224 (8th Cir. 1993). However, states may choose to opt out of the federal exemption, and thereby limit their debtors to state exemptions. *Id*. Iowa has done so. *See* Iowa Code § 627.10 (providing that an Iowa bankruptcy debtor "is not entitled to elect to exempt from property of the bankruptcy estate the property that is specified in 11 U.S.C. § 522(d)"). Thus, as the parties agree, Iowa exemption law governs this dispute.

Iowa's wildcard exemption allows a debtor to exempt from execution "[t]he debtor's interest, not to exceed one thousand dollars in the aggregate, in any cash on hand, bank deposits, credit union share drafts, or other deposits, wherever situated, or in any other personal property whether otherwise exempt or not under this chapter." Iowa Code § 627.6(14). Furthermore, married debtors may combine their exemptions, thereby creating a $2,000 total wildcard exemption per couple.

A trustee or creditor may object to the debtor's claimed exemptions. *See In re Stenzel*, 301 F.3d 945, 947 (8th Cir. 2002). "[T]he objecting party has the burden of proving that the exemptions are not properly claimed." Fed. R. Bankr. P. 4003(c). If an interested party fails to object to a claimed exemption within the time allowed, the subject property will be excluded from the bankruptcy estate even if the exemption's value exceeds the statutory limits. *See Taylor v. Freeland & Kronz*, 503 U.S. 638, 642-43 (1992).

## V. ANALYSIS

On appeal, Debtors argue that the Bankruptcy Court erred by impermissibly shifting the burden of proof under Rule 4003(c) from the objecting Trustee and Creditor to Debtors regarding a proper claim of exemption. Debtors argue that because the objecting Trustee did not meet her burden of proof regarding a proper claim of exemption, the objection

5

should have been overruled, thereby allowing Debtors to exclude the subject property from the estate even if the assets' value exceeds the statutory limit.

The Trustee identifies four issues in response. First, whether Debtors waived their right to appeal by consenting, through counsel, to the Bankruptcy Court's Order. Second, whether the burden of proof on the value of the assets is a moot issue when the parties agree on value. Third, whether the burden of proof on the value of the assets is a moot issue because the value of the assets is irrelevant under the wildcard exemption. Fourth, whether the Trustee bears the burden of proof on the uncontested value of the assets Debtors claim as exempt.

The court finds that the Bankruptcy Court did not impermissibly shift the burden of proof from the Trustee and objecting Creditor to Debtors regarding a proper claim of exemption. Therefore, the court need not address the other issues the Trustee raises.

### A. *The Impact of* Schwab v. Reilly

The parties' dispute must be evaluated in light of the Supreme Court's decision in *Schwab v. Reilly*, 130 S.Ct. 2652 (2010). In *Schwab*, the Supreme Court discussed the role of statutory exemption limits and a trustee's duty to object when a debtor claims exemptions such as "FMV":

> Where . . . it is important to the debtor to exempt the full market value of the asset or the asset itself, our decision will encourage the debtor to declare the value of her claimed exemption in a manner that makes the scope of the exemption clear, for example, by listing the exempt value as "full fair market value (FMV)" or "100% of FMV." Such a declaration will encourage the trustee to object promptly to the exemption if he wishes to challenge it and preserve for the estate any value in the asset beyond relevant statutory limits. If the trustee fails to object, or if the trustee objects and the objection is overruled, the debtor will be entitled to exclude the full value of the asset. If the trustee objects and the objection is sustained, the debtor will be required either to forfeit the portion of the exemption that exceeds the statutory allowance,

6

>or to revise other exemptions or arrangements with her creditors to permit the exemption.

*Id.* at 2668.

*Schwab's* analysis rests on the determination that the Code provision at issue defines the "'property' a debtor may 'clai[m] as exempt' as the debtor's 'interest'—up to a specified dollar amount—in the assets described in the category, *not* as the assets themselves." *Id.* at 2661-62 (citations omitted). According to *Schwab*, treating the entries as exemptions of an in-kind interest would violate the Code's limits and fail to account for the distinction between exemptions that include a monetary cap and those that allow debtors to exempt property regardless of value. *Id.* at 2663 n.10.

### B. *Applying* Schwab

This case presents a variation of the issue addressed in *Schwab*. Here, Debtors claimed exemptions of FMV and the Trustee timely objected. One court that recently encountered this scenario framed the issue as follows:

> *Schwab's* effect is clear if an objection is not timely filed to an exemption claim that raises the flag—by, for example, claiming "unknown" or "100% of FMV": the debtor effectively reclaims the property. The parties in the cases here present the Court with a circumstance that raises the question of what happens when debtors claim "100% of FMV" and the trustee timely objects to such claim. What then?

*In re Salazar*, No. 10-50360-RLJ-13, 2011 WL 1104109, at *5 (Bankr. N.D. Tex. Mar. 23, 2011). *Salazar* outlined two ways a court could address the issue in light of *Schwab*. First, the court could hold an evidentiary hearing on the value of the debtor's exemptions. *See id.*; *see also In re Moore*, 442 B.R. 865 (N.D. Tex. 2010) (adopting this approach). At such a hearing, the debtor has the initial burden of showing a "plausible basis for the claim that '100% of FMV' of an asset falls within the statutory limit on the amount that may be exempted." *Moore*, 442 B.R. at 868. Once the debtor has satisfied the burden, the objecting party must prove, pursuant to Rule 4003(c), that the claimed exemption

7

exceeds the statutory limit. *Id*. In accordance with *Schwab*, if the objection is overruled, "the asset claimed will no longer be part of the estate," but if the objection is sustained, the debtor must forfeit the value in excess of the statutory allowance. *Id*.

The second approach is for the court to "simply declare that an objection to an exemption claim of '100% of FMV' is a facially valid objection because the debtor has failed to claim a set amount as contemplated by the exemption statute allowing the exemption." *Salazar*, 2011 WL 1104109, at *5. In this situation, the court will sustain the objection "unless the debtor amends his exemptions to claim a dollar amount for his exempt interest in the property." *Id*. *Salazar* adopted this approach, determining that it "best recognizes the reasoning in *Schwab*[.]" *Id*.

The court agrees that the reasoning of *Schwab* supports the facially valid objection standard set forth in *Salazar*. As explained in *Schwab*, an exemption claim of "FMV" will encourage the trustee to object. The trustee meets the burden of proof under Rule 4003(c) by filing the objection and pointing to the applicable statutory limit. *Schwab* did not indicate that any further showing is necessary, and lower courts have sustained objections in similar circumstances. *See id*. at *7 ("[A]n objection to an exemption claim of '100% of FMV' for an exemption to an allowable interest in property is a facially valid objection. Unless the debtor cures the exemption claim by amending it to place it within the statutory limit, the objection must be sustained."); *In re Winchell*, No. 10-05827-PCW13, 2010 WL 5338054, at *2 (E.D. Wa. Dec. 20, 2010) ("It is inevitable that should debtor's counsel list 'FMV' in the 'Value of Claimed Exemption' column, and Schedule C reflects that the current value exceeds the statutory exemption allowance, the trustee will object. This court is duty bound to sustain such objection.").

This approach also is consistent with the text of the statute, which allows debtors to exempt their *interest* in the asset, not the entire asset itself. As stated by the Eighth Circuit Bankruptcy Appellate Panel,

8

> where the value of an asset exceeds the amount of the claimed exemption, the asset as a whole does not become exempt. Instead, only a partial interest representing a certain amount of the asset's value is exempted. Specifically, the exempted interest has a value that is equal to the amount of the claimed exemption. Under these circumstances, the bankruptcy estate retains an interest in the subject asset because only a partial interest has been exempted by the debtor.

*In re Soost*, 262 B.R. 68, 72 (8th Cir. B.A.P. 2001) (citation omitted). Thus, when a debtor fails to assign a monetary value to an asset, it does not entitle the debtor to exempt the entire asset. Rather, the value is capped at the wildcard limit. *See, e.g.*, *In re Wick*, 276 F.3d 412, 416 (8th Cir. 2002); *In re Grueneich*, 400 B.R. 680, 686-87 (8th Cir. B.A.P. 2009).

In the present case, Debtors attempted to exempt entire assets by claiming "FMV" and asserting that "FMV" currently equals $10. As one court observed, "it is a misreading of *Schwab* to conclude the [Supreme] Court has blessed the use of a designation such as '100% of FMV' as a valid and unobjectionable scheduling of a claimed exemption value where the relevant exempting statute . . . expressly limits the exemption to a maximum cash value." *In re Stoney*, 445 B.R. 534, 552 (E.D. Va. 2011). Iowa Code § 627.6(14) allows debtors to exempt an *interest* in an asset up to $1,000 (or $2,000 per couple). As explained in *Schwab*, if the Trustee failed to object timely to Debtor's claim of "FMV," Debtors could have excluded the full value of the assets from the estate. *See Schwab*, 130 S.Ct. at 2668. That is not the case here, where the Trustee raised a timely objection based on the statutory limit. The court concludes that the Trustee made a facially valid objection and any value in the assets beyond the statutory allowance belongs to the estate.

## *VI. CONCLUSION*

The Bankruptcy Court's February 16, 2011 Order sustaining the Trustee's objection to Debtor's claimed wildcard exemption is **AFFIRMED**.

**IT IS SO ORDERED.**

**DATED** this 28th day of July, 2011.

*[signature: Linda R. Reade]*
LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA